DANIEL J. NEVIS, ESQ., SBN 227829
djn@millermorton.com
MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, California 95110
Telephone: (408) 292-1765
Facsimile: (408) 436-8272

Attorneys for Plaintiffs
Collishaw Holdings LLC; Jack Collishaw; and Sheila Collishaw

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLISHAW HOLDINGS, LLC, a California limited liability company; JACK COLLISHAW, an individual; and SHEILA COLLISHAW, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>WINNEBAGO INDUSTRIES, an Iowa corporation; LA MESA R.V. CENTER, INC., a California corporation; and DOES ONE through TEN,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>(1) VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT (15 U.S.C. §2301 ET SEQ.)<br>(2) BREACH OF EXPRESS WARRANTY<br>(3) BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY<br>(4) BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br>(5) STRICT PRODUCTS LIABILTIY |

COMES NOW Plaintiffs, COLLISHAW HOLDINGS, LLC ("Collishaw Holdings"), a California limited liability company; JACK COLLISHAW, an individual; and SHEILA COLLISHAW, an individual, and allege against Defendants, WINNEBAGO INDUSTRIES ("Winnebago"); LA MESA R.V. CENTER, INC. ("La Mesa"); and DOES 1-10, inclusive, and each of them, as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiffs' right to relief in this action necessarily depends on resolution of a

substantial question of federal law, as this action arises under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* Plaintiffs' claimed damages exceed Fifty Thousand Dollars ($50,000), satisfying the minimum amount in controversy requirement of 15 U.S.C. § 2310(d), thereby conferring jurisdiction on this Court. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to breach of express warranty, breach of implied warranty of merchantability, breach of the implied covenant of good faith and fair dealing, and claims for strict products liability.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and is founded on the facts that a substantial part of the events or omissions giving rise to the claim occurred in this district and that a substantial part of property that is the subject of this action is situated in this district.

3. This case should be assigned to the San Francisco Division pursuant to United States District Court Northern District of California Civil Local Rules, Rule 3-2(d), as Plaintiffs' cause of action arose intra-district.

## PARTIES

4. Collishaw Holdings, LLC is, and at all times herein mentioned was, a limited liability company organized and existing under the laws of State of California, with its principal place of business located at 1125 Mabury Road, San Jose, California.

5. Jack Collishaw is an individual who is, and at all times herein mentioned was, domiciled in San Jose, Santa Clara County, California.

6. Sheila Collishaw is an individual who is, and at all times herein mentioned was, domiciled in San Jose, Santa Clara County, California.

7. Collishaw Holdings is informed and believes, and thereon alleges, that Defendant Winnebago Industries (hereinafter "Winnebago") is a corporation organized and existing under the laws of the State of Iowa, with its principal place of business located at 605 West Crystal Lake Road, Forest City, Iowa, doing business in the state of California.

8. Collishaw Holdings is informed and believes, and thereon alleges, that

Defendant La Mesa R.V. Center, Inc. (hereinafter "La Mesa") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 7430 Copley Park Place, San Diego, California.

9. Collishaw Holdings is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Collishaw Holdings prays leave to amend this complaint to allege their true names and capacities when the same have been ascertained.

10. Collishaw Holdings is informed and believes, and thereon alleges that each of the Defendants sued herein is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages, as herein alleged, were proximately caused by such Defendants.

11. Collishaw Holdings is informed and believes, and thereon alleges, that at all times herein mentioned each of the Defendants sued herein was the agent or employee of each of the remaining Defendants, and was, at all times, acting within the purpose and scope of such agency or employment.

## GENERAL ALLEGATIONS

12. On or about August 11, 2012, Collishaw Holdings and La Mesa entered into a written sales contract for Collishaw Holdings' purchase of a new Itasca Meridian 34B recreational vehicle ("RV") for the sum of $208,018.50.

13. At the time that Collishaw Holdings purchased the RV, Jack Collishaw was the sole member, and the principal officer, director and employee of Collishaw Holdings, LLC.

14. Collishaw Holdings purchased the RV to be used by Jack and Sheila Collishaw, as individuals, for personal purposes. At all times herein relevant, the RV was used exclusively by Jack and Sheila Collishaw for personal purposes.

15. The RV was manufactured by Winnebago, and was marketed as "new," having never been previously owned. As a new vehicle, the RV was sold with Winnebago's New Vehicle Limited Warranty against defects in material and workmanship.

16. Since Collishaw Holdings purchased the RV, the RV has suffered numerous and repeated failures to many of its systems, including the plumbing, heating, cooling, and

electrical systems. The RV has also experienced numerous malfunctions to many of tis features, including the kitchen utilities, the passenger seating, jack position indicators, wall slides, bathroom utilities, and electrical systems.

17. Since Collishaw Holdings purchased the RV, there have been forty-seven (47) different warranty repairs made to the RV.

18. In the first ten (10) months following Collishaw Holding's purchase of the RV, the RV has required four repair attempts, causing the RV to be in the possession of various mechanics for a total of four months, pending completion of repairs.

19. Since July 2013, the RV has experienced additional malfunctions with its electrical systems, causing Plaintiffs to feel that it is unsafe to operate for fear of further electrical problems.

20. In addition to loss of use of the RV, Collishaw Holdings, Jack Collishaw, and Sheila Collishaw have suffered considerable out of pocket expenses in addressing the RV's numerous malfunctions and failures, in an amount to be proven at trial.

**FIRST CLAIM FOR VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT (15 U.S.C. §§ 2303, *et seq.*) AGAINST ALL DEFENDANTS**

21. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22. On or about August 11, 2012, in Dublin, California, Plaintiff Collishaw Holdings (purchaser) negotiated with a particular supplier and manufacturer, Defendant Winnebago (manufacturer), through its authorized dealer, Defendant La Mesa (supplier), for the purchase of a certain consumer product consisting of the Itasca Meridian 34B RV, manufactured by Defendant Winnebago. In the course of negotiations and to the time of sale alleged in this complaint, the product was disclosed to be accompanied by writing appended by Defendant Winnebago, which contained the "2013 NEW VEHICLE LIMITED WARRANTY WINNEBAGO INDUSTRIES, INC." This writing became part of the basis of the bargain between the parties and thus constituted a written warranty made and given by Defendant Winnebago. Through its statements to Plaintiffs of promises and actions,

1  Defendant La Mesa (supplier) adopted Winnebago's (manufacturer's) written warranty. A true and correct copy of the warranty is attached hereto as Exhibit A and incorporated by reference.

23. Thereon, on or about August 11, 2012, in Dublin, California, the supplier, La Mesa, sold the RV to Plaintiff Collishaw Holdings, who bought the RV from Defendant La Mesa for the sum of $208,018.50. A true and correct copy of the contract of sale between the parties is attached hereto as Exhibit B and incorporated by reference.

24. Upon purchasing the RV, Collishaw Holdings transferred the rights of use of the RV to Jack Collishaw and Sheila Collishaw. As transferees of Collishaw Holdings, a proper Plaintiff under the Magnuson-Moss Warranty Act, Plaintiffs Jack Collishaw and Sheila Collishaw are entitled to recover under the Magnuson-Moss Warranty Act pursuant to 15 U.S.C. sections 2301(3), 2310(d)(1).

25. Plaintiffs discovered the breach of warranty during the ten (10) months following their purchase of the RV, after Defendants failed to repair defects as promised by the warranty, despite numerous attempts.

26. In the ten (10) months following their purchase of the RV, Plaintiffs presented the RV to authorized Winnebago service facilities on at least four occasions resulting in forty seven (47) repairs. True and correct copies of eight invoices are attached hereto, as Exhibit C, as a sample of the 47 different warranty repairs made to the RV.

27. On each occasion, Plaintiffs have demanded that the product be remedied within a reasonable time and without charge, but Defendants then, and have ever since, failed to correct those defects, replace the product, or refund any amount to plaintiff, or take other remedial action with respect thereto.

28. Plaintiffs notified Defendants of the RV's various defects and of Defendants' failure to remedy these defects, in breach of the warranty, on or about the following dates: (1) March 11, 2013; (2) April 18, 2013; (3) June 11, 2013; (4) July 2, 2013; and (5) July 25, 2013. These notices were provided in the form of letters. True and correct copies of these letters are attached hereto as Exhibit D.

COLLISHAW HOLDINGS, JACK COLLISHAW, AND SHEILA COLLISHAW'S COMPLAINT AGAINST WINNEBAGO INDUSTRIES AND LA MESA RV CENTER, INC.

29. Plaintiffs have provided Defendants with notice of the defects, and have provided Defendants with numerous opportunities to cure Defendants' noncompliance with the warranty. Despite the opportunities provided by Plaintiffs, Defendants have failed to cure this noncompliance.

30. As a proximate result of defendant's failure to remedy the defective product and to comply with the provisions of its written warranty, Plaintiffs have been damaged in that Plaintiffs have been deprived of the benefit of the product and have suffered out-of-pocket expenses as a result in an amount to be proven at trial.

31. Additionally, Plaintiffs seek rescission of the underlying contract for sale of the RV in that Plaintiffs' consent to enter into the purchase contract was given under the mistaken belief that Defendants would honor their obligations under their written warranty. Plaintiffs seek restitution of the purchase price, in the amount of $208,018.50.

32. Plaintiffs have suffered, and continue to suffer, out-of-pocket loss as a result of Defendants' breach of warranty, including, among other things, attorneys' fees and costs, transportation costs, and storage costs, associated with the numerous times the RV has broken down.

33. Plaintiffs are informed and believe, and thereon allege, that they may be entitled to pursue remedies under the California Arbitration Program for Recreation Vehicles (CAP-RV), as provided under the terms of the warranty. Plaintiff prays for relief to pursue its remedies under the CAP-RV program, if said program is applicable to the parties' dispute hereunder.

WHEREFORE, Plaintiffs pray judgment against Defendants as set forth in Plaintiffs' Prayer for Relief.

### SECOND CLAIM FOR BREACH OF EXPRESS WARRANTY
### AGAINST ALL DEFENDANTS

34. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35. On or about August 11, 2012, in Dublin, California, Plaintiffs negotiated with

Defendant La Mesa for the purchase of the Itasca Meridian 34B RV, manufactured by Winnebago Industries. In the course of negotiations, La Mesa promised that the RV was covered by Winnebago Industries' 2013 New Vehicle Limited Warranty against defects in material and workmanship. This warranty promised that "any part of this motor home . . . found to be defective in material or workmanship shall be repaired or replaced at no cost to the owner for parts, material, or labor." That promise became part of the basis of the bargain between the parties and thus constituted an express warranty.

36. On or about August 11, 2012, Defendant Winnebago Industries affirmed in writing contained in the product manual that the RV purchased by Plaintiffs was covered by Winnebago Industries' 2013 New Vehicle Limited Warranty against defects in material and workmanship. This warranty promised that "any part of this motor home . . . found to be defective in material or workmanship shall be repaired or replaced at no cost to the owner for parts, material, or labor." That affirmation became part of the basis of the bargain between the parties and thus constituted an express warranty.

37. Thereon, on or about August 11, 2012, in Dublin, California, Defendant La Mesa sold the RV to the Plaintiffs, and Plaintiffs bought the RV from the Defendant for the sum of $208,018.50.

38. However, Defendants breached the express warranty in that Defendants have failed to make repairs to defective material, as warranted, and have failed to ensure the quality of workmanship of the RV, as warranted. As a result of this breach, Plaintiffs in fact did not receive goods as warranted by Defendants.

39. Plaintiffs discovered the breach of warranty during the ten (10) months following their purchase of the RV, after numerous attempts to repair defects had failed. In addition to the notifications provided each and every time Plaintiffs were compelled to return the RV for repair service, Plaintiffs provided written notice to Defendants of this breach on or about the following dates: (1) March 11, 2013; (2) April 18, 2013; (3) June 11, 2013; (4) July 2, 2013; and (5) July 25, 2013.

40. As a proximate result of this breach of warranty by Defendants, Plaintiffs have

1  been damaged in an amount to be proven at trial.

2      41.    Plaintiffs have been further damaged as a result of this breach in that they have suffered significant out-of-pocket expenses in connection with the numerous repairs made on the vehicle, including, but not limited to costs of storing the vehicle, costs of alternative transportation, and costs of alternative lodging, for a total amount to be proven at trial.

    WHEREFORE, Plaintiffs pray judgment against Defendants as set forth in Plaintiffs' Prayer for Relief.

## THIRD CLAIM FOR BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

### AGAINST ALL DEFENDANTS

42.    Plaintiffs incorporate by reference the allegations in paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43.    Defendants were merchants with respect to goods of the kind which were sold to Plaintiffs, as each Defendant deals in goods of the kind involved in the transaction at issue in this case. There was, in the sale to Plaintiffs, an implied warranty that those goods were merchantable.

44.    However, Defendants breached that warranty implied in the contract for the sale of goods in that the RV suffered from numerous and irreparable defects and malfunctions to its systems and component parts. The RV was not of fair average quality within the description, and the RV was not fit for the ordinary purposes for which recreational vehicles are used in that it suffered from numerous defects, including, but not limited to failures of the plumbing, heating, cooling and electrical systems, as well as malfunctions of the kitchen utilities, passenger seating, jack position indicators, wall slides, bathroom utilities, and electrical systems, rendering it inoperative and making it unsafe for use.

45.    Plaintiffs discovered the breach of warranty during the ten (10) months following their purchase of the RV, after numerous attempts to repair defects had failed.

46.    In addition to the notifications provided each and every time Plaintiffs were compelled to return the RV for repair service, Plaintiffs notified Defendants of this breach on

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765

8
COLLISHAW HOLDINGS, JACK COLLISHAW, AND SHEILA COLLISHAW'S COMPLAINT AGAINST WINNEBAGO INDUSTRIES AND LA MESA RV CENTER, INC.

or about the following dates: (1) March 11, 2013; (2) April 18, 2013; (3) June 11, 2013; (4) July 2, 2013; and (5) July 25, 2013. These notices were provided in the form of letters.

47. As a proximate result of this breach of warranty by Defendants, Plaintiffs have been damaged in an amount to be proven at trial.

48. Plaintiffs have been further damaged as a result of this breach in that they have suffered significant out-of-pocket expenses in connection with the numerous repairs made on the vehicle, including, but not limited to costs of storing the vehicle, costs of alternative transportation, and costs of alternative lodging, for a total amount to be proven at trial.

WHEREFORE, Plaintiffs pray judgment against Defendants as set forth in Plaintiffs' Prayer for Relief.

**FOURTH CLAIM FOR BREACH CONTRACT AGAINST DEFENDANTS**

**LA MESA AND DOES 6 THROUGH 10**

49. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 48 of this Complaint as though fully set forth herein.

50. On or about August 11, 2012, in Dublin, California, Defendant La Mesa sold the RV to the Plaintiffs, and Plaintiffs bought the RV from the Defendant for the sum of $208,018.50.

51. Among other things, Defendants promised and agreed that the RV Plaintiff had purchased was a new vehicle, covered by Defendant Winnebago's New Vehicle Limited Warranty.

52. In the ten (10) months following their purchase of the RV, Plaintiffs presented the RV to authorized Winnebago service facilities on at least four occasions resulting in forty seven (47) repairs.

53. Defendants have breached the implied covenant of good faith and fair dealing by acting in bad faith in repeatedly and unreasonably failing to repair the numerous defects associated with the RV, and in failing to otherwise return the RV to Plaintiffs in safe condition, thereby preventing Plaintiffs from receiving the benefits of the contract.

COLLISHAW HOLDINGS, JACK COLLISHAW, AND SHEILA COLLISHAW'S COMPLAINT AGAINST WINNEBAGO INDUSTRIES AND LA MESA RV CENTER, INC.

54.     As a proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiffs have suffered, and continue to suffer, losses in the sum of $208,018.50, which is the contract price paid by Plaintiffs to Defendant La Mesa for the RV.

WHEREFORE, Plaintiffs pray judgment against Defendants as set forth in Plaintiffs' Prayer for Relief.

## FIFTH CLAIM

## FOR STRICT PRODUCTS LIABILITY

55.     Plaintiffs incorporate by reference the allegations in paragraphs 1 through 54 of this Complaint as though fully set forth herein.

56.     On August 11, 2012, and for a substantial period of time prior to that date, Defendant Winnebago was engaged in the business of designing, manufacturing, processing, distributing, and selling Itasca Meridian 34B RVs for consumption by the general public, including the RV purchased by Plaintiffs described above.

57.     On August 11, 2012, and for a substantial period of time prior to that date, Defendant La Mesa was engaged in the business of distributing and selling Itasca Meridian 34B RVs for consumption by the general public, including the RV purchased by Plaintiffs described above.

58.     On August 11, 2012, and in the time that has elapsed since then, Itasca Meridian 34B RVs that were manufactured, processed, and distributed by Defendant Winnebago, and sold by Defendant La Mesa, including the RV purchased by the Plaintiffs, were placed into the stream to commerce and sold at dealerships to Plaintiffs and to other members of the general public.

59.     At all times herein mentioned, Defendant Winnebago and Defendant La Mesa knew and intended that such products would be purchased and used by consumers.

60.     At the time that the RV was purchased by Plaintiffs, component parts within the RV: (1) were defective and unsafe for their intended purpose; (2) did not conform to consumer

expectations; (3) did not function and perform properly, causing damage to the RV as a whole, which is tangible property other than the component parts themselves.

61. Since Plaintiffs purchased the RV, defective component parts, including but not limited to plumbing systems, heating and cooling systems, electrical systems, kitchen utilities, jack position indicators, wall slides, and bathroom utilities, have caused damage to the RV as a whole.

62. Each of the foregoing defective conditions existed at the time the product left the control of the Defendants.

63. As a proximate result of one or more of the preceding defective conditions that existed in the above listed component parts at the time the RV left the control of Defendants, Plaintiffs have suffered damage to their property, in the form of damage to the RV as a whole, and have suffered pecuniary damages as a result in an amount to be proven at trial.

WHEREFORE, Plaintiffs pray judgment against Defendants as set forth in Plaintiffs' Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, Collishaw Holdings, LLC, Jack Collishaw and Sheila Collishaw pray judgment against Defendants Winnebago Industries and La Mesa RC Center, Inc. as follows:

1. For rescission of the contract by and between Collishaw Holdings, LLC and La Mesa RV Center, Inc;

2. For restitution of the purchase price of the RV, in the amount of $208,018.50;

3. For general damages according to proof of not less than $208,018.50;

4. For punitive and exemplary damages in a sum to be determined by the trier of fact;

5. For an award of attorney fees and costs pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2);

6. For any and all interest as allowed by law, including prejudgment interest;

7. For compensatory damages in a sum according to proof; and

8. For such other and further relief as the Court deems just and proper.

11
COLLISHAW HOLDINGS, JACK COLLISHAW, AND SHEILA COLLISHAW'S COMPLAINT AGAINST WINNEBAGO INDUSTRIES AND LA MESA RV CENTER, INC.

|     |                           |                                                                                      |
|-----|---------------------------|--------------------------------------------------------------------------------------|
|     |                           | Respectfully submitted,                                                              |
| Dated: | November 19, 2013      | MILLER, MORTON, CAILLAT & NEVIS, LLP                                                 |
|     |                           | By:  /s/ Daniel J. Nevis                                                             |
|     |                           | DANIEL J. NEVIS<br>Attorneys for Plaintiffs<br>Collishaw Holdings LLC; Jack Collishaw; and Sheila Collishaw |

390134_1

MILLER, MORTON, CAILLAT & NEVIS, LLP
25 Metro Drive, 7th Floor
San Jose, CA 95110
Telephone: (408) 292-1765