UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLISHAW HOLDINGS, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WINNEBAGO INDUSTRIES, et al., <br><br> Defendants. | Case No. 13-cv-05364-JCS <br><br> **ORDER GRANTING MOTION TO AMEND FIRST AMENDED COMPLAINT** <br><br> Re: Dkt. No. 95 |

## I. INTRODUCTION

Plaintiffs Collishaw Holdings, LLC, Jack Collishaw, and Sheila Collishaw brought this action under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301−12, alleging failure to remedy defects in their Itasca Meridian 24B recreational vehicle (the "RV") pursuant to multiple written warranties. Plaintiffs First Amended Complaint ("FAC," dkt. 63) named as defendants Winnebago Industries ("Winnebago"), La Mesa R.V. Center, Inc. ("La Mesa"), and Lippert Components, Inc. ("LCI"). Winnebago and La Mesa filed a "cross-claim" (dkt. 66) against LCI, Daimler Trucks North America, LLC ("Daimler"), and Freightliner Custom Chassis, LLC ("Freightliner").[1] Plaintiffs now seek leave to file a Proposed Second Amended Complaint ("PSAC") to add Daimler and Freightliner (collectively, the "Daimler Parties") as direct defendants. The Court finds the matter suitable for resolution without oral argument and **vacates the hearing scheduled for November 19, 2014**. *See* Civ. L.R. 7-1(b). The case management conference will take place as scheduled. Because the Daimler Parties have failed to show bad faith, prejudice, or futility of amendment, the Court GRANTS Plaintiffs' Motion.[2]

---

[1] Under Federal Rules of Civil Procedure 13 and 14, Winnebago and La Mesa's pleading is a cross-complaint as to LCI and a third-party complaint as to Daimler and Freightliner.
[2] All parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

### A. Factual Allegations[3]

Plaintiffs purchased the RV in 2012 through La Mesa, an authorized dealer for Winnebago. PSAC (dkt. 95-1) ¶¶ 17, 21. The RV was manufactured by Winnebago, but LCI and the Daimler Parties manufactured components of the RV. *Id.* ¶¶ 20, 22, 24. Specifically, LCI manufactured the RV's "slide-out room assemblies and leveling jacks" and the Daimler Parties manufactured its "chassis or vehicular portion." *Id.* ¶¶ 22, 24. The RV was sold as "new" and had no prior owners. *Id.* ¶ 20. Winnebago, LCI, and the Daimler Parties each issued a written warranty as to the RV or its components. *Id.* ¶¶ 20, 23, 25.

Since Plaintiffs purchased the RV, several of the RV's systems have failed, "including the plumbing, heating, cooling, and electrical systems." *Id.* ¶ 26. Many components of the RV have malfunctioned, "including the kitchen utilities, the passenger seating, jack position indicators, slide-out rooms, bathroom utilities, electrical systems, cruise control, and leveling systems." *Id.* These failures and malfunctions have required four repair attempts, consisting of forty-seven specific warranty repairs and causing the RV to be in possession of mechanics (and thus not in Plaintiffs' possession) for a total of four months. *Id.* ¶¶ 27−28. Repeated electrical failures have led Plaintiffs to believe the RV is unsafe to operate. *Id.* ¶ 29.

### B. Procedural History and Discovery

Plaintiffs filed their initial Complaint against Winnebago and La Mesa on November 19, 2013. Dkt. 1. Winnebago and La Mesa's Answer, filed February 12, 2014, included third-party claims seeking indemnity from LCI and the Daimler Parties. Dkt. 17. Plaintiffs amended their Complaint on July 21, 2014, to name LCI as an additional defendant. Dkt. 63. Winnebago and La Mesa filed an "Amended Cross-Claim" again seeking indemnity from LCI and the Daimler Parties, and adding a second claim against LCI not relevant to the present Motion. *See* dkt. 66.

Counsel for Winnebago, La Mesa, and the Daimler Parties took the deposition of Jack

---

[3] The factual allegations below are based on the Proposed Second Amended Complaint. In evaluating a motion for leave to amend, particularly where opposition is based on the argument the proposed amendment is futile, the Court takes these allegations as true. *See SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1088 (S.D. Cal. 2002).

Collishaw, representing Plaintiff Collishaw Holdings, on July 15, 2014, and Plaintiffs produced documentary evidence in response to those parties' requests. Joint Case Mgmt. Statement (dkt. 103) ¶ 8. Winnebago and the Daimler Parties conducted an inspection of the RV on July 22, 2013. *Id.* The Daimler Parties served written discovery requests on Plaintiffs, Winnebago, and La Mesa on August 15, 2014, and received timely responses. *Id.* Plaintiffs propounded written discovery requests on the Daimler Parties on October 3, 2014, to which all parties anticipate timely responses.[4] *Id.* The parties have conducted additional discovery not relevant to the present Motion. *See id.*

The cutoff date for non-expert discovery is January 17, 2015. Case Mgmt. & Pretrial Order (dkt. 90) ¶ II.A. A hearing on any dispositive motions is set for March 6, 2015. *Id.* ¶ III. Under this Court's procedures, any summary judgment motions must therefore be filed no later than January 16, 2015. *See id.* (noting that reply briefs must be filed no later than four weeks before the hearing). Expert discovery must be completed by March 17, 2015. *Id.* ¶ II.C. A six-day jury trial is scheduled to begin June 3, 2015. *Id.* ¶ I.

### C.   Motion for Leave to Amend

Plaintiffs now move for leave to further amend their Complaint to name the Daimler Parties as direct defendants.[5] *See generally* Mot. (dkt. 95). According to Plaintiffs, they considered adding the Daimler Parties in June of this year, when they amended to add LCI as a defendant. *Id.* at 4. After the Daimler Parties declined to stipulate to an amendment that would add them as direct defendants,[6] Plaintiffs conducted additional discovery and research to

---

[4] Although the Daimler Parties joined the Case Management Statement reporting that Plaintiffs served discovery requests on the Daimler Parties, they argue in their Opposition that "Plaintiffs have never served [the Daimler Parties] with any discovery demands." Opp'n (dkt. 99) at 4. The Court need not resolve this inconsistency, because whether Plaintiffs have served discovery demands on the Daimler Parties is not relevant to the present Motion.
[5] The PSAC would also narrow and clarify aspects of Plaintiffs' claims. *See* Mot. at 3 (summarizing revisions). No party has objected to these revisions, and the Court grants leave to so amend. *See* Opp'n at 1 ("It should be noted that [the Daimler Parties] do no object to Plaintiffs' motion to the extent that it seeks to amend claims for relief.").
[6] There is some dispute as to whether the Daimler Parties' counsel initially indicated that the Daimler Parties would consent to being named as direct defendants. *See* Mot. at 4−5; Nevis Decl. ¶ 5; Opp'n at 2; *see generally* Efstratis Decl. (dkt. 99-1). That issue does not affect the outcome of Plaintiffs' Motion, and the Court need not address it further.

3

1 determine whether to seek to add the Daimler Parties without consent. *Id.* at 5. Plaintiffs state
2 that documents produced by Winnebago and La Mesa in September of this year indicated that the
3 Daimler Parties manufactured components of the RV at issue in this litigation. *Id.* Plaintiffs first
4 moved to add the Daimler Parties on September 29, 2014, but withdrew that motion based on
5 discussions with counsel for Winnebago and La Mesa, who requested modification of the PSAC.
6 *Id.*; Nevis Decl. (dkt. 96) ¶¶ 12−13. Plaintiffs revised the PSAC and filed their present Motion on
7 October 15, 2014.

The Daimler Parties oppose Plaintiffs' Motion, arguing that Plaintiffs unduly delayed in seeking to amend, that the Daimler Parties would be prejudiced by allowing amendment at this stage of litigation, and that the amendment is futile. Opp'n at 1. They contend that Plaintiffs "had an affirmative duty to investigate" whether to add the Daimler Parties "no later than February 12, 2014, when [the Daimler Parties] were named in Winnebago and La Mesa's cross-claim." *Id.* at 3. They further contend that if, as Plaintiffs claim, the Daimler Parties' warranty was "part of the basis of the bargain" when Plaintiffs purchased the RV, Plaintiffs should have been aware of any claims against the Daimler Parties at the outset of this action. *Id.* at 4−5. The Daimler Parties argue that they would be prejudiced by the amendment because only approximately two months remain before the close of fact discovery and the deadline for motions for summary judgment. *Id.*. at 6−7. Finally, they argue that the proposed amendment is futile because it "makes no allegations that apply to [the Daimler Parties]." *Id.* at 7−8.

Winnebago and La Mesa filed statements of non-opposition to Plaintiffs' Motion (dkts. 100, 101), and LCI has not weighed in on the issue.

## III. ANALYSIS

### A. Legal Standard

When a party seeks to amend a pleading more than 21 days after serving it, or more than 21 days after service of a responsive pleading or motion, the party must obtain either the opposing party's consent or leave of the court. Fed. R. Civ. P. 15(a). The Federal Rules of Civil Procedure provide that "courts should freely give leave when justice so requires." *Id.*

"Courts may decline to grant leave to amend only if there is *strong evidence* of 'undue

4

1  delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies
2  by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance
3  of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Employees v.*
4  *Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis,* 371 U.S. 178,
5  182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)) (alteration in original; emphasis added).

6  "[T]he consideration of prejudice to the opposing party carries the greatest weight," *id.*
7  (citation and brackets omitted), and "[t]he party opposing amendment bears the burden of showing
8  prejudice," *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987).  While prejudice
9  is the strongest consideration, delay is the weakest.  "Undue delay by itself . . . is insufficient to
10 justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

11 **B.     The Daimler Parties Have Not Demonstrated Futility**

12 The Daimler Parties argue that Plaintiffs' proposed amendment is futile because it "do[es]
13 not allege any new repair attempts or defective products that are unique from the original
14 complaint," and "the only new substantive allegation is the existence of a warranty as to [the
15 Daimler Parties] and the R.V." Opp'n at 7−8.  The Daimler Parties have cited no authority
16 holding that an amended complaint must include "new substantive allegations" in order to state a
17 claim against a defendant not initially named.

18 Further, the Daimler Parties' assertion regarding the lack of new allegations is not
19 accurate: the PSAC also alleges that the Daimler Parties "manufactured and sold the chassis or
20 vehicular portion of the RV."  PSAC ¶ 24.  The PSAC therefore alleges that the Daimler Parties
21 manufactured the "vehicular portion of the RV," that they issued an express warranty as to that
22 product, and that certain systems and components of the RV that are plausibly related to the
23 "vehicular portion"—e.g., the heating and cooling, electrical systems, passenger seating, and
24 cruise control—have persistently failed or malfunctioned.  *See id.* ¶¶ 24−26.  The Daimler Parties
25 have made no argument and cited no authority as to why these allegations are insufficient to state
26 a claim.  The Court therefore holds that the Daimler Parties have not met their burden to show that
27 Plaintiffs' proposed amendment is futile.
28

### C. The Daimler Parties Have Presented No Strong Evidence of Prejudice

The Daimler Parties correctly note that Plaintiff's proposed amendment comes late in this litigation. A significant portion of discovery is already complete, and deadlines for discovery dispositive motions are approaching. In some circumstances, amending a complaint close to the close of discovery may prejudice the opposing party. *See, e.g.*, *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of motion to amend "on the eve of the discovery deadline," where "[a]llowing the motion would have required re-opening discovery," thus causing prejudice). "Undue delay by itself, however, is insufficient to justify denying a motion to amend." *Bowles*, 198 F.3d at 758; *see also United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) ("[D]elay alone *no matter how lengthy* is an insufficient ground for denial of leave to amend." (emphasis added)).

In support of their claim to prejudice, the Daimler Parties argue only that if Plaintiffs are allowed to amend, the Daimler Parties would have limited time to complete discovery and prepare a motion for summary judgment before the mid-January deadlines to do so. Opp'n at 6−7. That much is true, but the Daimler Parties have actively taken part in discovery as third-party defendants, and intend to file a motion for summary judgment as to Winnebago's and La Mesa's third-party claims regardless of the outcome of Plaintiffs' Motion. *See* Joint Case Mgmt. Statement ¶¶ 4, 8. The Daimler Parties have propounded written discovery on Plaintiffs, inspected the RV, and participated in the deposition of Jack Collishaw. *Id.* ¶ 8. Given that the existing third-party claim is for indemnity and apportionment of fault as to Plaintiffs' claims against Winnebago and La Mesa, *see* 1st Am. Cross-Claim at 4, 6—claims which the Daimler Parties themselves argue are "the same causes of action" that Plaintiffs seek to add against the Daimler Parties directly, *see* Opp'n at 8—it is not clear why the Daimler Parties' discovery thus far for the purpose of defending against the third-party claim would not be sufficient to defend against Plaintiffs' direct claims.

It is the Daimler Parties' burden to produce "strong evidence" that allowing Plaintiffs to amend would cause prejudice. *See Sonoma County*, 708 F.3d at 1117; *DCD Programs*, 833 F.2d at 187. The Daimler Parties offer only the broad argument that deadlines are approaching, without

addressing their existing role in the case and participation in discovery. The Daimler Parties' Opposition does not identify any issues relevant to defending against Plaintiffs' proposed claims that fall outside of their existing discovery. To the extent that such issues exist, there is still time remaining (approximately two months) before the close of discovery in which to address them. The Court therefore finds that the Daimler Parties have failed to meet their burden to show that leave to amend should be denied on this basis.

### D.    There Is No Evidence of Bad Faith

The Daimler Parties do not specifically argue that Plaintiffs delayed amending their claim in bad faith, but do argue that "Plaintiffs have been aware of the possibility of naming [the Daimler Parties] for at least eight months, likely longer." *See* Opp'n at 3.

"'Bad faith' courts have understood to mean such tactics as, for example, seeking to add a defendant merely to destroy diversity jurisdiction." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (citing *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987)). Failure to amend immediately upon becoming "aware of the possibility of naming" an additional defendant does not meet this standard. *Cf.* Opp'n at 3. Further, Plaintiffs have submitted a declaration by their attorney stating all parties conferred in June of this year regarding the possibility of adding the Daimler Parties as direct Defendants, and that Plaintiffs only delayed doing so because the Daimler Parties declined to consent to such an amendment. Nevis Decl. (dkt. 96) ¶¶ 4−8. According to Plaintiffs, they then undertook additional discovery and research to confirm that adding the Daimler Defendants was proper. *Id.* ¶ 8. The Daimler Parties do not address Plaintiffs' explanation that materials produced by Winnebago and La Mesa in September confirmed that the Daimler Parties should be named as defendants.

Although there may be room for debate as to whether Plaintiffs needed several months to determine whether to add the Daimler Parties, there is no evidence that the delay was in bad faith. The Court is not inclined to punish Plaintiffs for their caution in ensuring that amendment was proper, particularly where the Daimler Parties' counsel had invoked the possibility of Rule 11 sanctions if Plaintiffs pursued an improper amendment. *See* Nevis Decl. Ex. A at ECF page no. 4 (email from counsel stating that the Daimler Parties "reserve all rights as to the propriety of an

amended complaint and plaintiffs' duties under Rule 11 in seeking such amendment").

## IV. CONCLUSION

It is perhaps telling that the Daimler Parties's Opposition does not cite a single decision from courts within the Ninth Circuit. *See generally* Opp'n (citing Third and Eight Circuit authority, as well as district courts in New Jersey, New York, Ohio, Texas, Wisconsin, and the Virgin Islands). This Circuit applies Rule 15's instruction that leave to amend should be freely given "with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). The Daimler Parties' arguments primarily come down to undue delay, which alone is not sufficient. *See Bowles*, 198 F.3d at 758. Because the Daimler Parties have failed to present strong evidence of prejudice, bad faith, or futility, Plaintiffs' Motion to Amend is GRANTED. All parties are ordered to cooperate in any reasonable need for additional discovery raised by the amendment.

**IT IS SO ORDERED.**

Dated: November 19, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge